UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

10 Civ. 4417 (RJS)

DARRELL JOE,

Plaintiff,

VERSUS

DEBRA MOE, *ET AL.*,

Defendants.

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/31/11
```

OPINION AND ORDER
May 31, 2011

RICHARD J. SULLIVAN, District Judge:

Plaintiff *pro se* Darrell Joe, currently incarcerated at Westchester County Jail, brings this action pursuant to 42 U.S.C. § 1983 against Defendants Debra Moe ("Moe"), the New York City Police Department ("NYPD"), and John Does # 1-3,[1] alleging violations of his constitutional rights in connection with his May 19, 2006 arrest and subsequent prosecution. Before the Court is Defendant NYPD's motion to dismiss the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons that follow, the Court grants Defendant's motion in its entirety.

I. BACKGROUND

A. Facts[2]

On May 19, 2006, Plaintiff was sleeping at the apartment of a friend when three NYPD officers entered the apartment in search of a suspect armed with a firearm. (AC ¶¶ 1-2, 5-6.) The police officers asked Debra Moe, the mother of Plaintiff's friend, if she heard gunshots or saw any person within the apartment throw a gun out of the window. (*Id.* ¶ 2.) Although Moe initially answered in the negative, she later allegedly falsely implicated Plaintiff. (*Id.* ¶¶ 2-3.) According to the Amended Complaint, Moe suffered from schizophrenia and a "people pleasing" personality – untreated with

---

[1] While the caption of the Amended Complaint ("AC") simply lists "Others Unknown" as defendants, the Court construes the Amended Complaint to allege claims against three unidentified New York City police officers that participated in his arrest. (*See* AC ¶ 10.)

[2] The following facts, unless otherwise noted, are drawn from the Amended Complaint and from documents attached thereto, incorporated therein by reference, or otherwise integral to Plaintiff's claims, as well as matters of which this Court may take judicial notice. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).

medication at the time of the incident – which had led her to give the police "the statement they wanted to hear." (*Id.* ¶ 3.) The police then arrested Plaintiff, who was charged with unlawful possession of a firearm and possession of stolen property. (*Id.* ¶ 8.)

After spending six days in state custody without a preliminary hearing, Plaintiff was released on his own recognizance pursuant to N.Y. Crim. Proc. Law § 180.80. (*Id.*) The Amended Complaint does not specify whether Plaintiff's state law charges were subsequently dismissed or otherwise resolved. However, on August 24, 2006, a federal criminal complaint was filed, charging Plaintiff with being a felon in possession of a firearm on or about May 19, 2006 pursuant to 18 U.S.C. § 922(g).[3] On September 12, 2006, after having been previously rearrested for narcotics possession, Plaintiff was transferred into federal custody to be prosecuted on the complaint. On September 14, 2006, Plaintiff was indicted on the felon-in-possession charge. In the ensuing prosecution, Moe's "tainted" statement was allegedly used against Plaintiff. (AC ¶ 4.) Following trial, on March 8, 2007, a jury acquitted Plaintiff of all charges in the indictment. (*Id.* ¶ 8.)

B. Procedural History

Plaintiff commenced this action by filing a complaint on April 18, 2010 and was granted leave to proceed *in forma pauperis* by the Honorable Loretta A. Preska, Chief Judge, to whom this case was initially assigned.[4] By Order dated June 3, 2010, Chief Judge Preska required Plaintiff to file an amended complaint within sixty days, setting forth specific facts in support of his claims, including (1) the basis for tolling the applicable statute of limitations, (2) the existence of any policy or custom that deliberately caused violations of his federally-protected rights, and (3) the grounds for Moe's liability in this action. (Doc. No. 3.) After obtaining several extensions of time to do so, Plaintiff filed the Amended Complaint on October 12, 2010. The case was reassigned to my docket on October 25, 2010, and referred to the Honorable Ronald L. Ellis, Magistrate Judge, for general pretrial purposes on October 28, 2010.

By Order dated January 6, 2011, the Court directed Defendant NYPD to file its contemplated motion to dismiss by February 18, 2011 and Plaintiff to respond by March 18, 2011. Although the NYPD timely submitted its motion on February 18, 2011, the motion was not immediately served on Plaintiff because he had been transferred to a different correctional facility. On March 8, 2011, Plaintiff notified the Court of his

---

[3] The following facts are taken from the docket sheet of the federal prosecution referenced in the pleadings: *United States v. Darryl Joe*, 06 Cr. 795 (LTS). See *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) ("[D]ocket sheets are public records of which the court could take judicial notice . . . .").

[4] Although the initial complaint was received by the Pro Se Office on April 29, 2010, Plaintiff attests that it was delivered to prison officials on April 18, 2010. "[A] *pro se* prisoner's § 1983 complaint is deemed filed, for statute of limitations purposes, when it is delivered to prison officials." *Tapia-Ortiz v. Doe*, 171 F.3d 150, 152 (2d Cir. 1999).

2

new address.[5] By Order dated March 21, 2011, Judge Ellis granted Plaintiff an extension until April 20, 2011 to respond to the motion. Defendant served Plaintiff with copies of the moving papers on March 23, 2011. Subsequently, on April 27, 2011, Defendant submitted a letter to the Court, noting Plaintiff's failure to respond to the motion and requesting that it be deemed unopposed. As of the date of this Order, the Court has received neither responsive papers nor any further requests for an extension from Plaintiff.

## II. STANDARD OF REVIEW

In reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff. *ATSI Commc'ns Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility where the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). By contrast, a pleading that only "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). If the plaintiff "ha[s] not nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

Where, as here, a plaintiff proceeds *pro se*, his pleadings "must be read liberally and should be interpreted 'to raise the strongest arguments that they suggest.'" *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)). "When a *pro se* plaintiff has altogether failed to satisfy a pleading requirement, however, the court should not hesitate to dismiss his claim." *DeMarco v. City of N.Y.*, No. 08 Civ. 3055 (RRM), 2011 WL 1104178, at *3 (E.D.N.Y. Mar. 23, 2011).

## III. DISCUSSION

Defendant moves to dismiss the Amended Complaint on the grounds that it (1) is barred by the statute of limitations for § 1983 actions, (2) improperly names an

---

[5] Plaintiff's letter also stated that he was "looking for assistance from a pro bono attorney." Although the letter could be construed as a request for the appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1), Judge Ellis did not interpret it as such and merely granted Plaintiff additional time in which to retain an attorney and respond to Defendant's motion. Nevertheless, even if the letter were construed as a motion for the appointment of pro bono counsel, the Court denies the request. In determining whether to appoint counsel, "the district judge should first determine whether the indigent's position seems likely to be of substance." *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986). "*If the claim meets this threshold requirement*, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination." *Id.* at 61-62 (emphasis added). In the present case, Plaintiff's claims do not advance past the threshold inquiry because, as set forth below, they are (1) barred by the applicable statute of limitations and (2) deficient as a matter of law.

3

agency of the City of New York as a defendant, (3) fails to state a claim upon which relief could be granted against the City of New York, even if the City were named as a defendant, and (4) does not comply with statutory notice-of-claim requirements under New York law. Although the Amended Complaint does not identify any specific causes of action, the Court construes it liberally to assert claims for false arrest, false imprisonment, and malicious prosecution pursuant to 42 U.S.C. § 1983. Nevertheless, for the reasons that follow, the Court finds that the claims stated in the Amended Complaint are (1) barred by the applicable statute of limitations, and (2) deficient as a matter of law against the named Defendants.

A.  Timeliness of Plaintiff's Claims

The statute of limitations for a § 1983 action arising in New York is three years. *Kevilly v. New York*, No. 09-4635-PR, 2010 WL 5156766, at *2 (2d Cir. Dec. 21, 2010) (summary order); *Eagleston v. Guido*, 41 F.3d 865, 871 (2d Cir. 1994). While state law supplies the statute of limitations, federal law determines when the § 1983 claim has accrued. *Wallace v. Kato*, 549 U.S. 384, 388 (2007).

For claims of false imprisonment and false arrest – the latter being a "species" of false imprisonment – the statute of limitations begins to run "when the alleged false imprisonment ends." *Id.* at 388-89. An alleged false imprisonment ends when "the victim becomes held pursuant to [legal] process – when, for example, he is bound over by a magistrate or arraigned on charges." *Id.* at 389 (emphasis omitted); *accord Lynch v. Suffolk County Police Dep't, Inc.*, 348 F. App'x 672, 675 (2d Cir.

2009) (summary order). Plaintiff asserts that he was falsely arrested on May 19, 2006. (AC ¶ 8.) That false arrest and imprisonment ended at the latest on May 25, 2006, when Plaintiff was released from custody due to the state's failure to provide him with a timely preliminary hearing. (*Id.*) Accordingly, the statute of limitations for those claims expired on May 25, 2009, nearly a year before the filing of the original complaint on April 18, 2010.

Alternatively, if the Amended Complaint is construed to allege that Plaintiff's subsequent arrest and detention in federal custody in September 2006 was unlawful, those claims accrued no later than September 20, 2006, when Plaintiff was arraigned and held pursuant to legal process. *See e.g.*, *Lynch*, 348 F. App'x at 675 (holding that the three-year statute of limitations for § 1983 claims for false arrest and imprisonment began to run at arraignment); *Berry v. Village of Millbrook*, No. 09 Civ. 4234 (KMK), 2010 WL 3932289, at *3 (S.D.N.Y. Sept. 29, 2010) (same); *Jovanovic v. City of N.Y.*, No. 04 Civ. 8437 (PAC), 2008 WL 355515, at *2 (S.D.N.Y. Feb. 7, 2008) (same). Therefore, that claim expired on September 20, 2009.

Plaintiff's malicious prosecution claim is also untimely. "[T]o prevail on a § 1983 claim against a state actor for malicious prosecution, a plaintiff must show a violation of his rights under the Fourth Amendment, and must establish the elements of a malicious prosecution claim under state law." *Manganiello v. City of N.Y.*, 612 F.3d 149, 161 (2d Cir. 2010) (internal citations omitted.) In turn, to establish a claim of malicious prosecution under New York law, a plaintiff must show: "(1) the initiation or continuation of a

4

criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." *Murphy v. Lynn*, 118 F.3d 938, 944 (2d Cir. 1997) (internal citations and quotations omitted). A cause of action for malicious prosecution accrues on the date of a favorable termination of the proceedings, *Heck v. Humphrey*, 512 U.S. 477, 489 (1994), with an acquittal being the "most obvious example" of such a termination, *Russell v. Smith*, 68 F.3d 33, 36 (2d Cir. 1995). Thus, Plaintiff's alleged malicious prosecution claim based on his federal prosecution accrued upon his acquittal on March 8, 2007 and became time-barred on March 8, 2010.[6]

Notably, the Amended Complaint does not allege that Plaintiff was maliciously prosecuted on the state firearm charges brought in May 2006. Even if it were so construed, nothing in the pleadings or Defendant's motion to dismiss indicates when, if ever, those charges were terminated in Plaintiff's favor. Plaintiff asserts that he was released from state custody on May 25, 2006, but N.Y. Crim. Proc. Law § 180.80, the provision governing that release, does not require the dismissal of the underlying criminal complaint. *Guadagni v. N.Y.C. Transit Auth.*, No. 08 Civ. 3163 (CPS), 2009 WL 1910953, at *3 (E.D.N.Y. June 30, 2009). Because a malicious prosecution claim premised on the dismissal of Plaintiff's state charges must plausibly allege that the dismissal was "indicative of innocence," *Milton v. Alvarez*, No. 04 Civ. 8265 (SAS), 2005 WL 1705523, at *4 (S.D.N.Y. July 19, 2005) (citation omitted), the claim is deficient as matter of law. *See Kevilly*, 2010 WL 5156766, at *2 (affirming dismissal of a complaint where the § 1983 malicious prosecution claims were either untimely or did not allege a favorable termination). However, because it is possible – albeit unlikely – that the state charges were both (1) terminated in Plaintiff's favor, *and* (2) resolved on or after April 18, 2007 (which would make them timely), any putative claim for malicious prosecution by the City of New York is dismissed without prejudice.

Finally, Plaintiff has not demonstrated a basis for tolling the statute of limitations. A court may find that a statute of limitations was equitably tolled as a "matter of fairness" where a plaintiff has been "prevented in some extraordinary way from exercising his rights." *Pearl v. City of Long Beach*, 296 F.3d 76, 85 (2d Cir. 2002) (citing *Miller v. Int'l Tel. & Tel. Corp.*, 755 F.2d 20, 24 (2d Cir. 1985). However, even in *pro se* cases, "[e]quitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs." *Wallace*, 549 U.S. at 396. Instead, equitable tolling has been applied "where the plaintiff actively pursued judicial remedies but filed a defective pleading during the specified time period; where plaintiff was unaware of his or her cause of action due to misleading conduct of the

---

[6] The Amended Complaint asserts that a "malicious District Attorney" – presumably, an Assistant United States Attorney – used Moe's "tainted" statement against Plaintiff despite receiving a letter from Moe's psychiatrist stating that it was "impossible" for Moe to be a "credible witness" in light of her "limited capacity to comprehend . . . reality." (AC ¶ 4.) However, the Amended Complaint does not name any prosecutorial office or individual prosecutors as defendants in his action. Nonetheless, even if such defendants were properly named, a claim of malicious prosecution against them would be similarly time-barred.

5

defendant; or where a plaintiff's medical condition or mental impairment prevented her from proceeding in a timely fashion." *Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80-81 (2d Cir. 2003) (internal quotations and citations omitted).

Although Plaintiff was expressly directed to "file an amended complaint . . . alleg[ing] any basis for tolling the three-year statute of limitations" (Order dated June 3, 2010, Doc. No. 3), the Amended Complaint lacks any cognizable explanation for the untimely filing, much less a showing of "extraordinary circumstances" that would warrant application of this doctrine. Indeed, because Plaintiff's claims are premised on the allegedly false statement given by Moe on May 19, 2006, Plaintiff was clearly aware of his cause of action well in advance of the expiration of the statute of limitations. *See Pearl*, 296 F.3d at 80 ("[W]e made it clear that [in applying the equitable tolling doctrine] we had in mind a situation where a plaintiff could show that it would have been *impossible* for a reasonably prudent person to learn about his or her cause of action." (internal quotations and citations omitted)). Because the statute of limitations for § 1983 actions has run as to all Defendants, the Court dismisses the Amended Complaint in its entirety.[7]

B. Substantive Merits

Even if Plaintiff had timely brought this action, the substantive allegations against the named Defendants – the NYPD and Debra Moe – are plainly deficient as a matter of law.

With respect to Plaintiff's claims against the NYPD, the New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Charter Ch. 16 § 396. The NYPD is a "non-suable agency" of the City of New York. *Jenkins v. City of N.Y.*, 478 F.3d 76, 93 (2d Cir. 2007); *see Wray v. City of N.Y.*, 340 F. Supp. 2d 291, 303 (E.D.N.Y. 2004) (dismissing claims against NYPD). Although the June 3, 2010 Order advised Plaintiff that the City of New York, as opposed to the NYPD, was the proper defendant to name in this type of action, (Doc. No. 3), the Amended Complaint fails to substitute the City of New York in place of the NYPD.

But even if Plaintiff had properly brought his § 1983 claims against the City for the alleged unlawful conduct of the NYPD, these claims would still be subject to dismissal. The Amended Complaint lacks *any* factual allegations demonstrating the existence of an "officially-adopted policy or custom that caused [Plaintiff] injury and a direct and deliberate causal connection between that policy or custom and the violation of [Plaintiff's] federally protected rights." *Emerson v. City of New York*, 740 F. Supp. 2d 385, 395 (S.D.N.Y. 2010). *See also Bd. of Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 403–04, (1997); *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). "A recitation of acts in order to show that a policy or custom exists and that

---

[7] Plaintiff has failed to serve Moe and the John Doe Defendants, who therefore are not participating in NYPD's motion to dismiss. Although the failure to serve these defendants may suffice for dismissal pursuant to Fed. R. Civ. P. 4(m), the Court dismisses the Amended Complaint against them for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

6

it infringes upon their rights is insufficient." *Shpigler v. Etelson*, No. 05 Civ. 6206 (CLB) 2005 WL 2874792, at *6 (S.D.N.Y. Nov. 1, 2005). Here, Plaintiff alleges nothing more than a single incident in which three NYPD officers inappropriately "pressured" an eyewitness and relied on her incredible statements in identifying and arresting a suspect, without any reference to a custom or official policy. Accordingly, all claims against the NYPD are dismissed.

With respect to Plaintiff's claims against Moe, the Amended Complaint also fails to state a cause of action under 42 U.S.C. § 1983. To sustain a § 1983 claim, a plaintiff must "sufficiently allege that the defendant acted under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). A private actor like Moe "acts under color of state law when [she] is a willful participant in joint activity with the State or its agents." *Ciambriello v. County of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002) (citations and internal quotation marks omitted). "A merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity." *Id.*

According to the Amended Complaint, as a result of her mental illness and pressure from the police, Moe gave false statements that she sought to recant during the pendency of Plaintiff's prosecution. (AC ¶¶ 2-7.) Thus, as the Amended Complaint itself makes clear, Moe was not a willful participant in the state action and there is no indication that there was a "close nexus" between her alleged conduct and state action. *See Lebron v. Nat'l R.R. Passenger Corp.*, 513 U.S. 374, 979 (1995). Furthermore, Plaintiff has not plausibly alleged that Moe "caused the initiation or continuation of a criminal proceeding against him," as required to establish a claim of malicious prosecution. *Manganiello*, 612 F.3d at 163. "To initiate a prosecution, a defendant must do more than report the crime or give testimony." *Id.* She must "play[ ] an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act." *Id.* (quoting *Rohman v. N.Y.C. Transit Auth.*, 215 F.3d 208, 215 (2d Cir. 2000) (internal quotation marks omitted)). Accordingly, the Court finds that Plaintiff fails to state a cause of action against Moe.

C. Supplemental Jurisdiction

Because the Court has dismissed all cognizable federal causes of action, it declines to exercise supplemental jurisdiction over any putative state law claims Plaintiff may seek to assert pursuant to 28 U.S.C. § 1367. *See Lynch*, 348 F. App'x at 676 (noting "it would be an abuse of discretion for the District Court to exercise supplemental jurisdiction" over a common law false imprisonment claim where all § 1983 claims have been dismissed). Here, "'all federal-law claims' have been 'eliminated before trial' and all of the relevant factors – 'judicial economy, convenience, fairness, and comity' – 'point toward declining to exercise jurisdiction over the remaining state-law claims,'" if any. *Id.* (quoting *Valencia v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003)).

IV. CONCLUSION

For the reasons stated above, the Amended Complaint is dismissed in its entirety. The dismissal is with prejudice except for (1) any claim for malicious prosecution by the City of New York in

7

connection with Plaintiff's May 19, 2006 arrest, and (2) any state law claims, which are dismissed without prejudice.

The Clerk of the Court is respectfully directed to terminate the motion docketed as Document No. 12 and close this case.

SO ORDERED.

RICHARD J. SULLIVAN
United States District Judge

Dated: May 31, 2011
       New York, New York

\*\*\*

Plaintiff is *pro se*. Defendant NYPD is represented by Bradford Collins Patrick and Steven Mark Silverberg, New York City Law Department, 100 Church Street, New York, NY 10007.